-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LUIS ANDINO, 05B1233,

       Plaintiff,

    -v-

06-CV-0455A(Sc)
ORDER

HON. GLENN S. GOORD, Commissioner;
ROBERT RAYMOND, ADA Coordinator;
JOHN or JANE DOE, Director of Affirmative Action;
THERESA KNAPP-DAVID, Director of Classification;
THOMAS EHAN, Director of Grievance in Albany;
ROBERT KIRKPATRICK, Superintendent,
Wende Correctional Facility;
MANOHAN, Dept. of Security;
SMITH, Dept. Of Programs;
Sgt. SKELLY, Law Library Sgt.;
Sgt. VITTUNE, Grievance Sgt.,
POST, Senior Counselor;
FONTI, Instructor of the Blind;
BROOKS, Corrections Officer;
HUMIG, Corrections Officer;
BAYTER, Corrections Officer;
DUMINUCO, Corrections Officer;
BARDO, Corrections Officer; and
PRIZACK, Corrections Officer;

       Defendants.

## INTRODUCTION

Plaintiff, Luis Andino, an inmate of the Wende Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff also filed motions for class certification and for preliminary injunction (Docket No. 4), and now plaintiff has filed a motion to expedite (Docket No. 5).

Preliminarily, the form of plaintiff's complaint does not comply with the technical form of pleadings in that, as filed, it does not include a caption naming the plaintiff or plaintiffs and all of the defendants.[1] However, because plaintiff is proceeding *pro se* and, according to his complaint, is subjected to many hardships of preparing legal work while blind and without adequate assistance, and because plaintiff has made very clear in the description of parties section of his complaint who the defendants are, the Court hereby deems those specified defendants to be defendants in this case. The Clerk of the Court is directed to correct the Docket to reflect the defendants as listed in the Caption of this Order.

Plaintiff claims that the defendants, Commissioner Glenn S. Goord, ADA Coordinator Robert Raymond, Director of Affirmative Action John or Jane Doe, Director of Classification Theresa Knapp-David, Director of Grievance in Albany Thomas Ehan, Superintendent of Wende Correctional Facility Robert Kirkpatrick, Dept. of Security Manohan, Dept. of Programs Smith, Law Library Sgt. Skelly, Grievance Sgt. Vittune, Senior Counselor Post, Instructor of the Blind Fonti, Corrections Officer Brooks, Corrections Officer Humig, Corrections Officer Bayter, Corrections Officer Duminuco, Corrections Officer Bardo, and Corrections Officer Prizack, violated his rights by failing to provide accommodation of his disability in the Wende Correctional Facility and otherwise violating his constitutional rights by humiliating him and retaliating against him solely on the basis of his blindness and his attempts to seek redress of his grievances therefrom. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, class certification is denied without prejudice, a decision on the motion for preliminary injunction

---

[1] Plaintiff's other pleadings do include a caption.

is deferred, the motion to expedite is denied as moot, and service by the U.S. Marshals is ordered.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the complaint, the Court finds that plaintiff's complaint may go forward as pleaded at this stage.

**Motion for Injunctive Relief**

Plaintiff has moved for injunctive relief seeking to restrain defendants from violating plaintiff's rights, and those of others similarly situated, to accommodation of their disabilities and from subjecting them to retaliation, discrimination and deliberate indifference. Because he has not yet served the defendants, plaintiff's papers do not comply with the requirements of Rule 65(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 65(b); *and see Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985); *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991). His request cannot be granted at this stage in the proceeding.

In view of the serious nature of plaintiff's allegations, however, the Court directs that the Clerk of the Court take the following steps to apprise the defendants of plaintiff's motion, and directs defendants to answer the motion within twenty days of service. First, because the Court anticipates that defendants will be represented by the New York State Attorney General, the Clerk is directed to mail a copy of the Complaint and the motion papers, together with this Order, to the Assistant Attorney General in Charge, Attorney General's Office, 144 Exchange Street, Suite 200, Rochester, New York 14614. Second, the Clerk of the Court is directed to ensure that all necessary paperwork is submitted to the U.S. Marshal without delay.

**Class Certification**

Plaintiff has moved for certification of this action as a class action. However, there are several problems in the way of that course of action. In order to qualify as a class action, Rule 23(a) of the Federal Rules of Civil Procedure requires, inter alia, that "(2) there are questions of law or fact common to the class" and "(3) the claims ... of the representative parties are typical of the claims ... of the class." Because plaintiff is the only person for whom allegations have been plead, it is impossible to determine at this stage whether or not he is a representative party with respect to the claims. In addition, plaintiff is proceeding *pro se*, and a party proceeding *pro se* may not represent the interests of other parties besides himself.[2] Because it is possible that plaintiff may at some point be represented by counsel, or other plaintiff's allegations may be plead, plaintiff's motion to certify this action as a class action is denied without prejudice.

---

[2] "..[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's complaint may go forward as pleaded at this stage, class certification is denied without prejudice, a decision on the motion for preliminary injunction is deferred, the motion to expedite is denied as moot, and the U.S. Marshal is directed to serve the summons and complaint on the named defendants.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that Court hereby deems those defendants specified in the parties section of the complaint to be defendants in this case;

FURTHER, that the Clerk of the Court is directed to correct the Docket to reflect the defendants as listed in the Caption of this Order;

FURTHER, that the motion for class certification is denied without prejudice;

FURTHER, that the motion to expedite is denied as moot;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, Motion papers and this Order upon Commissioner Glenn S. Goord, ADA Coordinator Robert Raymond, Director of Affirmative Action John or Jane Doe, Director of Classification Theresa Knapp-David, Director of Grievance in Albany Thomas Ehan, Superintendent of

Wende Correctional Facility Robert Kirkpatrick, Dept. of Security Manohan, Dept. of Programs Smith, Law Library Sgt. Skelly, Grievance Sgt. Vittune, Senior Counselor Post, Instructor of the Blind Fonti, Corrections Officer Brooks, Corrections Officer Humig, Corrections Officer Bayter, Corrections Officer Duminuco, Corrections Officer Bardo, and Corrections Officer Prizack without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that the Clerk of the Court is directed to ensure that all necessary paperwork is submitted to the U.S. Marshal without delay, and that the U.S. Marshal is directed to serve the papers on defendants without delay.

FURTHER, that the Clerk of the Court is directed to mail a copy of the Complaint and Motion papers, together with this Order, to the Assistant Attorney General in Charge, Attorney General's Office, 144 Exchange Street, Suite 200, Rochester, New York 14614; and

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint, and to respond to the motion for injunctive relief within twenty days of service.

SO ORDERED.

DATED: 9/19, 2006
Buffalo, New York

JOHN T. CURTIN
United States District Judge