UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Luis Andino,

      Plaintiff,

                 Hon. Hugh B. Scott

                 Report &
     v.            Recommendation
                 & Order

                 06CV455A

Glenn S. Goord, et al.,

      Defendants.

_____

  Before the Court are the following: the defendant's motion to dismiss the amended complaint (Docket No. 32) and the plaintiff's cross-motion to further amend the complaint (Docket Nos. 36).

**Background**

  Plaintiff Luis Andino ("Andino"), alleges that he is totally blind and that the conditions of his incarceration are unconstitutional. The Amended Complaint asserts allegations concerning the time Andino was incarcerated at the Wende Correctional Facility ("Wende").[1] He asserts that Wende is not properly equipped to house sensorially disabled inmates, including

---

[1] According to the Amended Complaint, Andino was transferred to the Woodbourne Correctional Facility ("Woodbourne") in April of 2007. The motion before the Court does not address what, if any, impact this has on the plaintiff's claims for prospective injunctive relief. Although the plaintiff alleges a "systemic problem" with providing accommodations to disabled inmates, none of the defendants in this action appear to be employed at Woodbourne.

1

blind inmates. The Amended Complaint (Docket No. 31) asserts claims under Title II of the Americans with Disabilities Act ("ADA"), §504 of the Rehabilitation Act ("§504"), as well as a claim under 42 U.S.C. §1983 based upon alleged violations of his Eighth and Fourteenth Amendment rights ("§1983 claims"). The Amended Complaint names the following as defendants: the New York State Department of Correctional Services ("DOCS"); Glen S. Goord, Commissioner of DOCS ("Goord"); Robert Raymond, ADA Coordinator ("Raymond"); John or Jane Doe, Director of Affirmative Action; Theresa Knapp-David, Director of Classification ("Knapp-David"); Robert Eagan, Director of Grievance in Albany ("Eagan")[2]; Wende Correctional Facility ("Wende"); Robert Kirkpatrick, Superintendent of Wende ("Kirkpatrick"); Monahan, Department of Security at Wende ("Monahan"); Smith, Department of Programs ("Smith"); Sgt. Skelly, Wende Law Library Sgt. ("Skelly"); Sgt. Vittune, Wende Grievance Sgt. ("Vittune"); Post, Wende Senior Counselor ("Post"); Fonti, Instructor of the Blind ("Fonti").[3]

**Eleventh Amendment and §1983 Claims**

The defendants seek to dismiss the Amended Complaint to the extent that it asserts §1983 claims against the individual defendants in their official capacity. The plaintiff acknowledges that the Eleventh Amendment precludes the assertion of §1983 claims against the individual defendants in their official capacity and admits that the Amended Complaint asserts the claims in that manner. (Docket No. 36-2 at ¶ 12). The plaintiff seeks leave to file a Second Amended

---

[2] The proper name for the Director of the Inmate Grievance Program for DOCS is Thomas Eagan. (Docket No. 33, page 3, n.4).

[3] It does not appear that defendants DOCS, Wende, Vittune and Fonti have yet been served with a summons and complaint in this matter.

Complaint properly asserting these claims against the individual defendants in their personal capacities. The defendants do not oppose this request. (Docket No. 37 at ¶ 4). The plaintiff's cross-motion for leave to further amend the complaint is granted.

It is recommended that the motion to dismiss the §1983 claims be granted to the extent that the claims were asserted against the defendants in their official capacity with leave for the plaintiff to reassert the claims against the defendants in their individual capacities.

### ADA and Rehabilitation Act Claims

The defendants also seek to dismiss the ADA and §504 claims to the extent that they are asserted against the individual defendants in their individual capacities. (Docket No. 33 at pages 5-7). The plaintiff does not dispute that the defendants cannot be sued in their individual capacities under these statutes. (Docket No. 35 at page 6-7). The plaintiff argues that the language of the Amended Complaint reflects that the individual defendants in this case are being sued solely in their *official capacities* with respect to these claims. (Docket No. 35 at page 35 at page 7; Docket No. 31 at ¶¶ 6-18).

The Second Circuit has held that under the doctrine set forth in Ex Parte Young, 209 U.S. 123, 155-56 (1908), claims for *prospective injunctive relief* may be pursued under the ADA and §504 of the Rehabilitation Act against state officers acting in their official capacities. Henrietta D. v. Bloomberg, 331 F.3d 261, 287-288 (2d Cir. 2003)(The Eleventh Amendment does not preclude suites against state officers in their official capacity for prospective injunctive relief to prevent a continuing violation of federal law). Thus, to the extent any claims for prospective injunctive relief remain in this case as against the individual defendants, the defendants' motion

to dismiss should be denied.

On the other hand, the plaintiff's claims for monetary damages against the individual defendants in their official capacity should be dismissed. When a public official is sued in his "official capacity," the state is the real party of interest. Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001). The Second Circuit has determined that Congress abrogated state sovereign immunity under both the ADA and the Rehabilitation Act, thereby permitting individuals to sue government entities under the Acts. Kilcullen v. New York State Dept. of Labor, 205 F.3d 77, 82 (2d Cir.2000). However, because the State is the real party in interest for the plaintiff's claims against the individual defendants in their official capacities, it would be redundant to permit these claims to proceed inasmuch as the plaintiff already has a cause of action against the State. See Fox v. State University of New York, 497 F.Supp.2d 446, 451 (E.D.N.Y., 2007)(redundant official capacity claims dismissed); Booker v. Bd. of Educ., Baldwinsville Cent. Sch. Dist., 238 F.Supp.2d 469, 475 (N.D.N.Y.2002) (official capacity claims dismissed because they were redundant of the claims against the government entity); Candelaria v. Cunningham, 2000 WL 798636 (S.D.N.Y. June 20, 2000)("[T]here is no need for official capacity litigation when an individual can sue a government entity directly."); Hallett v. New York State of Correctional Services, 109 F.Supp.2d 190, 197 (S.D.N.Y.2000)("Because plaintiff is able to assert his ADA and Rehabilitation Act claims against DOCS directly, I find that there is no justification for allowing plaintiff to also assert ADA and Rehabilitation Act claims against the individual defendants in their official capacities.").

Based on the above, it is recommended that the motion to dismiss the ADA and Rehabilitation Act be granted to the extent the plaintiff seeks monetary damages from the

individual defendants based upon these claims, and denied to the extent the plaintiff is seeking prospective injunctive relief as against these individual defendants.

**Service Issues**

It appears that although named as defendants in the caption of the Amended Complaint, DOCS, Wende, Vittune and Fonti have not been served with a summons and complaint in this matter. Inasmuch as *in forma pauperis* status has previously been granted in this matter, the plaintiff requests that the United States Marshal be directed to effectuate service upon these defendants. The plaintiff also seeks service against individuals named Bardo, Bayter and Prizak, who were apparently named in the original complaint but not named in the Amended Complaint. (Docket No. 35 at page 3).

The plaintiff has been granted leave to further amend the complaint in this case. A Second Amended Complaint shall be filed within 20 days of the date of this Order. To the extent that any of the defendants named in the Second Amended Complaint have not yet been served, the United States Marshal is directed to effectuate service upon those defendants. To facilitate service upon these defendants, to the extent any of the unserved defendants are current or former employees of DOCS (or otherwise affiliated with DOCS), the defendants shall provide the plaintiff with current or last known addresses of these individuals at which service may be made. The plaintiff shall then provide the United States Marshal with a summons and complaint to be served on the respective defendants.

The defendants shall have 30 days to file an answer to the Second Amended Complaint.

**Conclusion**

The plaintiff's cross-motion to amend (Docket No. 36) is granted.  It is recommended that the defendant's motion to dismiss (Docket No. 32) be denied.

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as WDNY Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and WDNY Local Rule 72(a)(3).

 Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

                                                       /s/ Hugh B. Scott
                                                    United States Magistrate Judge
                                                    Western District of New York

Buffalo, New York
February 19, 2008